# Commonwealth of Massachusetts

SUFFOLK, ss.



RECEIVED

OCT 0 7 2004

UPS CORPORATE LEGAL
ATLANTA, GA 30328

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-3786

Terry Gexler _____, Plaintiff(s)

v.

United Parcel Service Co. _____, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon **Attorney Michael R. Rawson** plaintiff's attorney, whose address is **530 Atlantic Ave., Boston, MA 02210**, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*
Clerk/Magistrate

A true copy Attest:
/0/6/04
Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No.____________________

______________________________, Plff(s).

v.

______________________________, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

C 02355

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on __________, 200__, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

________________________________________

________________________________________

________________________________________

Dated:__________, 200__. ____________________

**N.B. TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| |
|---|
| , 200 . |

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.  SUFFOLK SUPERIOR COURT
CIVIL ACTION NO.: 04-3786

TERRY GEXLER, )
   Plaintiff, )
)
vs. )  **COMPLAINT**
)
UNITED PARCEL SERVICE CO., )
   Defendant. )

RECEIVED
OCT 0 7 2004
UPS CORPORATE LEGAL
ATLANTA, GA 30328

1. The plaintiff, Terry Gexler, is an individual residing in Greenfield, County of Franklin, Commonwealth of Massachusetts.

2. The defendant, United Parcel Service Co. (hereinafter "UPS"), is a Delaware corporation organized under the laws of the State of Delaware with a principal place of business located at 55 Glenlake Parkway, Northeast Atlanta, Georgia.

3. In accordance with Mass. Gen. L. ch. 223A sec. 3, the defendant is amenable to jurisdiction within the Commonwealth of Massachusetts due to the defendant's contacts with the Commonwealth of Massachusetts including:

    (1) contracting any business within the Commonwealth;

    (2) contracting to supply services or things in the Commonwealth;

    (3) causing tortious injury by an act or omission in the Commonwealth;

    (4) causing tortious injury in the Commonwealth by an act or omission outside the Commonwealth in that the defendant regularly does or solicits business, engages in other persistent course of conduct, derives

substantial revenue from goods used or consumed or services rendered in the Commonwealth.

4. The plaintiff says that he was employed with UPS as a full time driver on and before January 28, 1999.

5. On said date, the plaintiff was injured in a motor vehicle accident while in the course of his employment with UPS.

6. Pursuant to M.G.L. c. 152, the plaintiff received the workers' compensation benefits from UPS. These benefits included weekly compensation while the plaintiff was deemed disabled from his position with the defendant.

7. The plaintiff and defendant resolved the industrial accident claim flowing from the January 28, 1999 industrial accident via lump sum settlement presented to and approved by the presiding Administrative Judge at the Department of Industrial Accidents on March 7, 2000.

8. Pursuant to the terms of the lump sum agreement and in conjunction with M.G.L. c.152 §48(4), UPS was entitled to presume that the plaintiff remained physically unable to return to his position through December, 2001.

9. On multiple occasions subsequent to January, 2002, the employee has presented to the appropriate office of the defendant seeking his return to his position with the defendant. The employee has produced to the defendant clear and concise medical documentation authorizing his return to his pre-injury position without restrictions. Nevertheless, the defendant has refused to reinstate the plaintiff within their employ.

10. M.G.L. c.152 § 75A requires employers to give preference in hiring to any person who has lost a job as a result of an injury compensable under M.G.L. c. 152. This hiring preference is to be provided over any persons not at the time of application for reemployment employed by such employer.

 

for reemployment employed by such employer.

11. Upon information and belief, multiple suitable jobs have been available over the past two plus years yet not offered to the plaintiff and filled by the defendant with non-UPS employed applicants.

12. As such, the defendant has violated M.G.L. c. 152 §75A is and is therefore exclusively liable to the plaintiff for his lost wages, lost earning capacity and his reasonable attorney's fees and expenses incurred in the prosecution of this action.

**WHEREFORE**, the plaintiff, Terry Gexler, demands judgment against defendant, United Parcel Service Co., for the full amount of his damages, plus interest, costs, expenses and attorney's fees.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,
By Counsel for the Plaintiff,

Michael R. Rawson, BBO No. 555361
**Rawson Merrigan & Merrigan, LLP**
530 Atlantic Avenue, Third Floor
Boston, Massachusetts 02210
(617) 348-09898

Date: 8/24/04